UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

    Petitioner,

v.

CHRISTIAN PFEIFFER,

    Respondent.

No. 2:24-cv-2883-WBS-CKD P

FINDINGS & RECOMMENDATIONS

    Petitioner Tony Low, a state prisoner, proceeds pro se and seeks habeas corpus relief under 28 U.S.C. § 2254. Respondent's motion to dismiss is before the court. (ECF No. 11.) As set forth below, the motion should be granted.

**I.    Procedural Background**

    Petitioner challenges a prison disciplinary decision concerning a rules violation report ("RVR"). (ECF No. 1.) Before filing the pending federal petition, he sought a writ of habeas corpus in the California Supreme Court. (ECF No. 11 at 8-10.)

    In ground one, petitioner claims his due process rights were violated by the loss of 121 days of good time credits in connection with RVR Log #5743248. (ECF No. 1 at 4-7.) In ground two, petitioner claims prison officials violated his rights when they "did not follow the law" in connection with the disciplinary hearing. (Id. at 10.)

1   Respondent filed the motion to dismiss on March 12, 2025. (ECF No. 11.) Respondent
2   argues AEDPA bars relief because petitioner's claims are premised on state law and because
3   there is no applicable clearly established federal law. (ECF No. 11 at 3-5.) Respondent also
4   asserts petitioner failed to exhaust state judicial remedies. (Id. at 2-3.)

5   Petitioner filed an opposition. (ECF No. 12.) Petitioner argues he fairly presented his due
6   process claims to the California Supreme Court by raising the claim of "procedural protection"
7   more than once. (Id. at 2.) He argues this court can reach his claims because he had a state-created
8   liberty interest which substantively limited official discretion. (Id. at 4.) Petitioner argues this
9   action, if successful, will shorten the duration of his confinement. (Id.)

## II. Legal Standards

### A. Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

At a minimum, fair presentation requires that the petitioner "explicitly alert[ ] the court" that the petitioner is making a federal constitutional claim. Galvan v. Alaska Dep't of Corr., 397 F.3d 1198, 1205 (9th Cir. 2005). "[T]he petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (footnote omitted), opinion amended and superseded, 247 F.3d 904 (9th Cir. 2001).

As respondent asserts, the petition before the California Supreme Court did not cite any federal law and was based on prison officials allegedly failing to comply with time constraints set

forth in California Code of Regulations, title 15, section 3320, subdivision (f). (See ECF No. 11 at 8-10.) Thus, petitioner did not fairly present his federal due process claims to the California Supreme Court. The case petitioner offers as support for his position that he did not need to cite federal authorities is distinguishable. In Sanchez v. Florida, the petitioner "twice alleged that he had been denied his 'Sixth and Fourteenth Amendment rights' to effective assistance of counsel [and] cited to the federal standard for evaluating ineffective-assistance-of-counsel claims[.]" Sanchez v. Fla., No. 21-10270, 2022 WL 2446490, at *2 (11th Cir. July 6, 2022). In contrast, here, mere references to "procedural protection" did not exhaust petitioner's due process claim. See Lyons, 232 F.3d at 670; Casey v. Moore, 386 F.3d 896, 913 (9th Cir. 2004) (reference to "constitutional error" and "deprivation of fair trial," bolstered only by state law cases that focused on state procedural or state constitutional error, was not sufficient to fairly present the federal constitutional issues). The pending federal petition is unexhausted.

### B. AEDPA bars relief

The petition may also be dismissed on the ground that it does not state a claim entitling petitioner to relief. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

////

1        For purposes of applying § 2254(d)(1), "clearly established federal law" consists of
2   holdings of the United States Supreme Court at the time of the last reasoned state court decision.
3   Greene v. Fisher, 565 U.S. 34, 37 (2011). Under the clearly established federal law applicable to
4   petitioner's claims, the process due during prison disciplinary proceedings includes the following:
5   (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives
6   written notice and the time of the hearing to allow the prisoner to prepare a defense; (3) a written
7   statement by the fact finders of the evidence they rely on and reasons for taking disciplinary
8   action; (4) the right of the prisoner to call witnesses in his defense, when doing so would not be
9   unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the
10  prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v.
11  McDonnel, 418 U.S. 539, 563-71 (1974).
12       As respondent argues, petitioner claims his federal rights were violated because the
13  disciplinary hearing was held "beyond the statutory limit of 30 days" (ECF No. 1 at 7) and in
14  violation of state law, regulations, and policies, including California Code of Regulations §
15  3320(f)(4) (id. at 1) and Penal Code § 2932 (id. at 10). Aside from the requirement for at least 24
16  hours between notice and the time of the hearing, there is no applicable Supreme Court authority
17  setting time constraints for a prison disciplinary hearing. Accordingly, petitioner does not state a
18  claim entitling him to relief.

19       **III.     Plain Language Summary for a Pro Se Party**

20       The following information is intended to help a party proceeding without counsel
21  understand this order. This information is not intended as legal advice.
22       The undersigned magistrate judge is recommending your petition be dismissed because it
23  does not state a claim for relief. The petition is also subject to dismissal because it is unexhausted.
24       If you disagree with these recommendations, you have 14 days to inform the court. Label
25  your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district
26  court judge assigned to this case will review any objections and make the final decision.
27  ////
28  ////

**IV.     Conclusion and Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 11) be granted.

2. The petition for writ of habeas corpus be dismissed.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 10/15/25

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, low2883.mtd

5